Be pleased to hear from you. Thank you. May it please the Chief Justice of this Court of Appeals, my name is Cameron Blair. I'm with the law firm Wolf, Williams & Austin, and our office represents the petitioner in this case, Mrs. Anita Baldwin, on behalf of Mr. Eddie Baldwin, the deceased coal miner in this federal black lung claim. If it will please the Court, I would like to preserve seven minutes of time for rebuttal. Your Honor, the claimant respectfully requests that this tribunal vacate the denial of benefits below. The issue on appeal relates to calculation of employment history and specifically how to calculate what constitutes one year of employment under the Act. In the ALJ's decision, Judge Calianos calculated the employment history in a manner inconsistent with the plain language of the regulations. Specifically, I would point to 725.1018.32 subsection 1. That code section specifically states that if the evidence during a calendar year, then the coal miner has established one year of employment for all purposes of the Act. Had the ALJ... No dispute that the critical numerical number is 125 working days, isn't that correct? That is correct, Your Honor. And is that that's a regulatory definition or is it a statutory origin or is it purely regulatory? It is regulatory, Your Honor. It's like I said, it's a CFR 725.1018.32 subsection 1. Okay, thank you. Had the ALJ used this criteria to calculate the length of coal mine employment, Mr. Baldwin would have been credited with 15.46 years of employment rather than the 14.14 found by the administrative law judge. At first glance, this difference may seem trivial or minor, but in the context of a federal black loan claim, this is incredibly significant. So if we were using the way you would want to calculate it, you would get five years from 1977 to 1981, is that correct? You would get five years and then you would get another six years from 1986 to 1991, is that correct? That is correct. So you have 11 there and your argument is that 1970, all of these other years, Mr. Baldwin worked in the mines from 132 days up to 260 days or he had the working days and that would be 1976 and 1982, 1983 and 1984 and 1985 and you're seeking credit for those years, am I correct? That is correct, Your Honor. In the judge's decision, the ALJ ascertained the dates of employment as the regulation requires. However, he did not take the next step of the inquiry to calculate the working days and to compare those to the... If we did it the way you prefer, we would come up with a figure of 16 days, 16 years, is that correct? It would be just under 16. It would be around 15 and a half years. Why would it be 15 and a half as opposed to 16? Because the fewest number of days was 1983, which was 132 days, but because that exceeded 125, you would be seeking a full year's credit, is that correct? Yes, Your Honor. Yes, that is correct. So if we have figures of 236, 273, 132, 245, 260 and we gave you credit for that and that in addition to the 11 full years that no one apparently disputes, that would give you 16, wouldn't it? Yes, that is correct, Your Honor. That would be if you're giving a full year for 1976. In the decision below, the employer and the ALJ relied just on the dates of employment because they were ascertainable, but that is not the end of the inquiry. Subsection 3 of 725-101A-32 specifically notes that if the employment in a given calendar year lasted less than that calendar year, then the judge may divide the minor's yearly income by the daily earnings reported by the 549. But we don't have to do that here, isn't it right? We know when he worked. The issue is how the regulation reads. Under the old regulation, you would be out of luck because it talks about one-year regular employment. It seems to me, though, that the focus under the new regulation is the 125 days. As long as a minor is spending at least 125 days ingesting coal dust during a one-year period, they are qualifying for the year of employment. It would seem to me that your argument is best suited to focus on that we should apply Shepard. If you apply Shepard, you have a and it seems to me that the change from the old regulation to the new regulation would give you that win. Am I not right about that? Your Honor, you're absolutely right. Why don't you make that argument because that seems to me to be a winner. And that's driven home by the fact that the previous version of that regulation, which was before the amendments at 718.301, that regulation does not include the preparatory language, the 125 days established as a year for all purposes under the Act. Essentially, the new regulation flipped the old regulation. The old regulation was more focused on the period of employment. The new regulation focuses on the period of ingesting the coal dust of being at least 125 days, but they have to put that 125 days within a certain time frame. That's one year. And that switch, I think, in Newark's to your benefit, and it also makes common sense because this is a remedial statute that is designed to help good coal miners who are working so hard in very difficult circumstances. Here, it seems to me, this guy most of the time did almost twice of the 125 days. All except for that one year, he's in the 200s. Am I not right about that? That is correct, Your Honor. He had partial layoffs. There was one year, I believe, 1983. The earnings were below that threshold. Otherwise, they were above the 125 days. And as you said, in most of those years, he was over 200 days. Well, the lowest is still over. The lowest is 1983. It's 132. That's still over the 125, right? But most of the time, the other ones are 236, 273, 245, and 260. You know, essentially twice the time period that folks know that if you're exposed to coal dust during this time period, the likelihood of you end up getting black lung is pretty high. Yes, Your Honor. Absolutely. And I think- Why don't we just focus on the one point about, because we know when he worked. So isn't the rest of that argument kind of worthless? Why he worked during these days? And isn't the issue whether we should apply Shepard? Yes. And my position, the plaintiff's position is that Shepard should apply in this case, given that there's no precedent in the Fourth Circuit addressing this issue. And the Shepard Court's interpretation of the regulation is most consistent with the plain language of the act. I think that Judge Novak makes a really excellent point. And I had some of the same questions that he did. You have a dissent in the BRB, and then you have the Shepard case. Let's say with 132 days, I think I came out with 16 years. But let's say with respect to the 132 days, a lot of those were Sunday. Maybe he was not around the coal mine during the Sunday. How should those Sundays be treated in your judgment? Your Honor, that's such a fact-specific inquiry. I think those Sundays, I think you can address that by comparing the earnings to the 125-day figure at 610. And if that comes out to a figure below 125, you can award the fractional portion of that year as contemplated by subsection. What I'm wondering about is that these days that you're totaling up, do they, of those days where he was in or around the mine, or do those days include holidays and Sundays and the rest? What is incorporated in those days? Your Honor, the days would be worth the days spent working in and around coal mining. And per the hearing transcript, Mr. Baldwin typically worked five or six days per week. So even if you subtract the Sundays and Saturdays he didn't work, he would still be over that 125-day threshold. And I think the best way to address that, instead of trying to figure out exactly which day he was at the mine and which day he was not, if you can just compare the average daily earnings with what was actually earned, and then you get to the fractional portion of the year that would be contemplated under 725-101. I mean, one thing I'm looking for here is some sort of simplicity in application. Because just trying to compute all these fractional years and everything seems to me to be, that's not a simple kind of way. But I'm wondering, is it possible that something can count as a day when he was clearly employed by a particular mine? Even if he wasn't, you know, there for the full eight hours, can something still count as a day as long as he was employed by the particular particular company? Because I'm looking for something that has as an advantage and ease of of application. The other days don't seem to me to be particularly close. But if you, is it possible to count that as a working day where he was was simply employed or in the employ of a particular coal mining company? Well, your honor, the act requires to be in and around a coal mining facility during that period of employment. During the period of employment, I would submit that any dates encompassed in that would count as a day of employment. Maybe if I could just follow on Judge Wilkinson, isn't the better route here to allow the ALJ to figure that out in the record, but applying the right legal standard, which would be the Shepard standard. Like if you read the regulation in the manner that I'm suggesting, which I think is consistent with Shepard, the ALJ then could do the fact finding that I think my friend Judge Wilkinson is suggesting, to figure out what are full days and which ones are not. But you got to start off with the right standard. And I think it seems to me that the ALJ did it wrong. They used the old regulation and the old law from the two-step process as opposed to the new regulation. And I think if they did that the right way, then they could do all the wise things that my friend Judge Wilkinson is suggesting and make a record, which is what ALJs do. Do you think that might be the answer to Judge Novak's question? I think that's absolutely right. And I think that's what should have happened here. The regulations do require the judge to ascertain the dates of employment to the extent possible. At that point, if a 365-day relationship is established, then it's presumed the claimant worked 125 days. Thereby, that leaves the 300-day calendar year. That remains relevant. However, if we have a partial year, such as we have with Mr. Baldwin for those five years, then the ALJ must utilize a 125-day rule as outlined under Shepard. And again, in Mr. Baldwin's case, if the plain language of the regulation is applied and it's interpreted consistent with Shepard, then Mr. Baldwin certainly is credited with more than 15 years of coal mine employment, and he should have benefited from the causation presumption at 718.305 that advises that individuals with more than 15 years of coal mine employment and confirms total disability, pulmonary respiratory disability, are presumed disabled due to pneumoconiosis. With the ALJ improperly calculating the employment history, he improperly deprived Mr. Baldwin of presumption, and the claimant submits the claim must be remanded for the ALJ to calculate the length of employment properly utilizing the language in the regulation. All right, we thank you very much. Let's hear from Mr. Sigmund. Yes, Your Honor. May it please the Court, my name is John Sigmund. I represent Island Creek Coal Company in this appeal. The Court is asking the right questions, and there needs to be a little bit of context provided here. It's certainly true that we need to get to what the actual language of the regulation states here. When doing so, the Court is always allowed to consider the legislative history. If we do so in this case, this is a regulation that was promulgated through formal notice and comment rulemaking. The Director published two sets of comments, and then its final findings with the preamble to the final rule. The Director specifically... Counsel, we have a very clear regulation, it seems to me. It seems that it says if you get 125 days in the coal mine during a one-year time frame, you qualify for a four-year employment. To me, it's an obvious flip from what the old regulation was. Why do we have to go to any other history when the plain language of the regulation, to me, is strikingly clear, and it makes sense. It makes sense because what's important for Black Lung is how long you ingest it. What the regulation is envisioning is that somebody spends over 125 days working in a coal mine during a one-year time frame. Likely, that's going to lead to Black Lung at some point. Doesn't that make common sense to you? Particularly, this is a remedial statute. Your Honor, with regard to remedial statutes, the Supreme Court said that even where a statute is remedial, we have to go by the plain text and structure of the regulation or the statute. Well, that's what I'm telling you. Okay. In this case, Your Honor, the referring regulations, so we're talking about 725.494 or 725.305, discuss years of employment. Then when you jump to 725.832, you get to the opening paragraph that provides the general rule, and that is a year of employment is a 365-day period, or 366 days in a leap year, or partial periods of a year during which he has at least 125 days of coal mine employment. After that, in the opening paragraph, it says for us what a working day is and what an approved absence is. Judge Wilkinson had asked about that earlier. The significance of the approved absences is that the director chose to codify the rulings of the Tenth Circuit, which was that when considering the prior regulations, they determined that when considering whether or not a claimant had proven a calendar year of employment... I have a hard time figuring out exactly what the BRB was doing here, and the one thing that I'm looking for is some consistency and ease of application, and the easiest way that I can see to get at it is to say if you work 125 days in or around the coal mine, you get a full year's credit, and that would adopt the Sixth Circuit opinion and the BRB's dissent, and that seems to me straightforward, and to follow exactly what the regulation says. That year means a period of one calendar day during which the miner worked in or around a calendar year. All the fact finder needs to do is look at the record and say were you around or in a coal mine for 120 days or 125 days, and if you were, then you get the credit, and wouldn't that be an advantage not only in the simplicity of the application, but also in following the text of the rule, and also in aligning ourselves with the Sixth Circuit. I suppose this circuit and the Sixth Circuit get as many of these black lung cases as any other circuits in the country, and if we are aligned, we avoid the awkward posture of a of a circuit conflict. So what I'm asking you is that doesn't the combination of an ease of application plus the advantages of aligning with another circuit plus the wording of the regulation, don't they all suggest what Judge Novak is saying to you? Well, not in this case, and particularly under the Loper-Brott analysis, where it said that uniformity for uniformity's sake is not, they wouldn't assume that Congress would want that over the correct application or interpretation of the regulation, but if I'm... How do you see, this sentence seems to me to straightforward. A year means a period of one calendar days or partial periods totaling one year during which the miner worked in or around a coal mine for at least 125 working days. Well, either he did or he didn't, and that's a classic fact-finding situation which lines up with the language of the of the regulation. And, you know, the fact that it aligns with the Sixth Circuit is a bonus, but it's a plus that the textual reading plus the ease of application seems to also go in the Sixth Circuit direction. What's wrong with what... It would... A straight 125-day rule would certainly make things easier, but it would also nullify the vast majority of this regulation, because it is always going to be easier to prove that 125 days based on the tools that are available. But that's not the intent that was set forth by the director when promulgating the regulation, and when you read all of the regulations together, the relevant regulations, and include, give, and you give effect and meaning to all of the terms in there, it requires a one-year employment relationship. If... In trying to read my way through this regulation, it's a bit of a morass, and it's quite complicated, and you have statements going this way, and you have statements going that way, and all the rest, and you're just having people trying to figure out something that shouldn't be all that hard to figure out. It is... It strikes me, reading the whole thing, and it's quite lengthy, but it strikes me that this may be something that's too complicated by half, and that's another difficulty I'm having with it. But I think Mr. Doyle has... If any of my colleagues have questions for you, that's fine, but Mr. Doyle, I think, has some time to make his points, okay? Thank you, Your Honor. All right, Judge Novak, Judge Floyd, do you have some questions of Mr. Sigmon? I think I've exhausted everybody's patience. Go ahead. All right, Mr. Doyle, let's hear from you. Thank you, Your Honors, and may it please the Court. Michael Doyle on behalf of the Director of WCP. I did want to inform the Court that you were speaking of possible circuit split, Judge Wilkinson. As it happens, the Eleventh Circuit Court of Appeals will be hearing oral argument tomorrow in a case that raises this very question. The case is called Hayes v. Director, so we'll have to see what the Eleventh Circuit says, and if they decide their case before this Court does, one of the parties here will certainly bring that to your attention. Well, thank you for notifying us of that. We appreciate it. Yes. I will say I agree with everything Mr. Sigmon said. I think the clear intent of the regulation was to maintain and to carry forward the two-step inquiry that this Court found in Armco, and I think in our discussion that I've heard so far, there's been some discussion of Shepard, but not of Armco, and I think it's important to understand that, especially, Judge Wilkinson, if it is the morass that you've suggested, then I think looking to the preamble is appropriate, and the preamble couldn't be more clear that what we, what the Director intended was, in order to have a year of coal mine employment, the regulation contemplates an employment relationship building 365 days, within which 125 days were spent working and being exposed to coal mine dust, and so contrary to Judge Novak, you're suggesting that we're trying to flip, we were trying to carry forward what had already existed, and we were trying to, you see in the preamble, the Director specifically stated that he disagreed with the decisions from the 7th and 8th Circuits in the Yauk case and in the Landis case, which adopted the 125-day rule. They specifically said that that's not what we're going for. We do want the two-step inquiry to carry forward. There has to be a year of coal mine employment to being employed with this operator, within which 125 days was spent mining coal. Well, Mr. Doyle, let me ask you this. Not to suggest that a coal mining company would do this, but if they wanted to avoid having to pay out the black lung benefits, which I think would probably be pretty expensive, every year they could have a coal miner work 300 days, and then take one week and say, we're going to lay you off over Christmas. And every year they lay them off, and under your reading, even if the miner worked 300 days in the mines ingesting coal dust, they won't get a year qualified. Just because the mine elected to do that, that seems to me not to be appropriate. It seems to me that what instead your department did was to shift the focus to the 125 days. But am I not right? They could not, and I'm not suggesting a coal mine would do that, but there's been some history in our country about coal mines, not coal mine operation. I've been so great. A coal mine could do that every year. Say, you know what, I'm going to lay you off over Christmas. We'll give you a huge holiday bonus. In fact, the bonus is going to be two times what your pay would be, but I'm going to lay you off for that week, just so you don't get the claim that one year. Under your reading, couldn't that happen? I guess it could, your honor. I will say that if there's gamesmanship going on of what you're suggesting, there is within the regulations, the finder of fact could say that that layoff really isn't a layoff. It's not a break in the employment relationship. It's really just a ruse to try to get around it. I'll also say that most of these coal mine operators are paying for this through insurance, so the incentive on the behalf of the coal mine operator isn't really there. Their insurance rates go up. I suspect the more people that are filing claims, the higher the rates, right? That would suggest that the rates are sensitive to what you're talking about, that there really would be a, and I've never heard of such a thing actually happening. Let me just ask you a simple question. How can somebody who's been employed for 260 days or 245 days or 273 days, how could that person not get credit for a year in the mines? I mean, how does somebody work a period of employment of 273 days or 260 days or 273 days, 245 days, how do they not get credit for a full year? That's way in excess of 125. Your Honor, I think you're confusing the dates of employment. What we have here, the record doesn't tell us how many working days Mr. Baldwin worked in the mines. All it tells us is the length of employment. That's all we have here. And he did get credit for partial years for those, so in other words, in 1982 when there was 273 days of employment, the employment relationship was 273 days, he got credit for three-fourths of the year. Okay, I got this 273 days, and it seems unlikely to say the least that 125 of those days wouldn't have been around the coal mine. I mean, how could it be that somebody is employed for 260 or 273 days and didn't work 125 days around the coal mine? That would mean they didn't employ him just to be sitting around. The whole business model of the coal mine required that someone who was employed work in the business of the company, which was mining coal. So how does it happen that somebody doesn't get a full year's credit for 273 or 260 days of employment? I think, I mean, it very well may be that he had 125 working days. All I'm saying is it's not in the record, but to answer your question, the regulation is clear. Congress said in the statute there has to be 15 years of employment working underground, right? So the Department of Labor did a notice and comment rulemaking in order to try to figure out what a year would mean in that context and also in the context of a responsible operator having to employ a miner for at least one year. They came up with this. Mr. Doyle, I am not speaking for my two colleagues, but I hear them say that they would like to adopt the Sixth Circuit rule as would I. Are you opposed to that? Yes, Your Honor. Are you opposed to it? I'm opposed to this court adopting the Sixth Circuit rule, yes. Why? Because it's inconsistent with the language and the intent of the regulation. The Sixth Circuit just missed, they made a hash of the regulation. They took out words that are in the regulation and they placed words in the regulation that aren't there. Well, let me ask it this way. If you look at AMCO, whatever our predecessor was, that's the full paragraph and the way I read it, you got three subsections that are added to that full paragraph. And those three subsections tell you how to get to one year and the baseline is 125 days. Is that not correct? It's not correct. What it's doing is telling you various ways to get to 125, but it's still saying in the opening paragraph that you, and in the part I, that you need to have those 125 days within the one-year employment relationship. Let me back up again and maybe you're headed in a way that I had some question. Are we talking about a calendar year or are we talking about, let's say a buyer starts in and he works until July of the next year and he gets that 125 days in around the college. Is he going to get credit for a year? He would there. That would be a calendar year. So I'm not following you there. The problem in this case, in Mr. Baldwin's case, is he didn't meet the threshold employment relationship of a year. So for instance, in 1976, he worked from May 10th through December 31st of that year. So that's not a calendar year. But the new regulation doesn't say the one-year employment. You would win. You'd be right under the old regulation. It seems to me that there's now a new two-step process. It flips it. And the question number one simply is, did he work 125 days in and around the mines? And then if he did, the next question is, was it within a one-year time frame? That to me ends it. And going back to my friend Judge Wilkinson's question, to make it simple, why is it we don't just remand it to the ALJ because we review issues of law de novo, tell them to apply Shepard, and then they can figure out whether or not he actually had the 125 days, but using the new two-step process instead of the old two-step and the old reg, which is what you're advocating for. Right. It's just because the old two-step is the same as the new two-step under the regulation. I think that you're suggesting that there's a flipping going on. It's just something that we disagree with. It's completely, if that's what we intended. To follow up on Judge Novak and I think Judge Floyd's question, why wasn't this regulation made a whole lot shorter and a whole lot clearer rather than this morass and leave some of the details up to the fact finder as to whether 120, it's simple, whether 125 days were spent in and around the coal mines during the period of a calendar year. And, you know, then that ends all this explanation that gets people scratching their heads and breeds litigation and everything can be set aside in the interest of clarity and simplicity and delegated to the fact finder to ask, to answer the question of whether somebody worked at least 125 days or in and around the mines during a calendar year. And as Judge Novak points out, that goes right to the heart of what Congress was trying to accomplish, which was, let's look at the extent of this individual's exposure to coal dust. All I'm saying is that, you know, you could wear a crown of glory if as an agency you made it short and simple and deferred to fact finders. And this is, you know, you do the whole world a favor. This is an important program, and you do the whole world a favor. But I'm just, you know, I'm not expecting you to agree with me or anything, but all I'm saying to you is that, you know, whoever the wonderful draftsmen are, you know, might include brevity and simplicity as desirables in their drafting process. I mean, the opening statement of this regulation gets you almost there. You should have saved yourself an awful lot of work. But that just, I know you don't agree with me, and that's fine. I respect that. But I'm just, you know, I'm just saying. Yes, Your Honor. I see my time is up. If I could just briefly say one thing about that, Your Honor. Can you be brief? I'll be brief. I just would suggest that the ARMCO court did look at this regulation and use it as a basis to clarify and to affirm its understanding of the old regulation. So in order to agree with Shepard, you're going to have to figure out how to get around ARMCO, and I just don't think you can do that. And I don't think that that was at all, if you read the preamble, the flipping that Judge Novak suggested was simply not the intent of the authors of this regulation. Thank you. Well, I just have a problem that we may not be, we may be shortchanging the minors with this when we, and short-circuiting Congress's intentions when we leave it open to somebody that has worked 273 days not to get a full year's credit. I just wonder whether we're not shortchanging the minors, and that it is, you know, it is a remedial statute. I mean, we didn't, no, we don't vote for or against it, but what we have, what we have is remedial. It's remedial, but it does say 15 years. It doesn't say, you could have 125 days working, and you could, you could get that in eight and a half years, Your Honor, or less. Nobody's trying to fool around with the 15 years, which is, the question is how the years are, and if that's unduly stringent for a company to meet, then you won't go to Congress and have the interim presumption kick in after 20 years or, or even, or even longer, and, but it seems to me that maybe the legislative route is, is the way to go, but anyway, Mr. Doyle, I really appreciate your, your assistance, and, and if Judge Floyd or Judge Novak has some further questions. I don't. All good. Thank you. All right. Okay. You've got some rebuttal time, Mr. Blair. Thank you, Your Honor. I would like to start out by first addressing the Armco case. Again, that case dealt with the interpretation of the prior version of the regulation interpreting the length of employment, so we're comparing apples and oranges here. I don't think the court has to overturn Armco simply because that, that case was not addressing the current version of the regulation. The other point. It was dicta. Armco had, it was, this was, that was pure dicta, that's all, right? That is correct, Your Honor. The other point I would make is that the two-step inquiry is not maintained in the, in the plain language of the regulation. A32 simply states that a year is a period of one calendar year when there are 125 working days. There is no mention that there has to be a continuing employment relationship, and to the, to Mr. Doyle's point that an individual could work eight years and get credited for 15, that's simply not correct. As the regulation specifically states under subsection 1, proof that the minor worked more than 125 working days in a calendar year does not establish more than one year of employment. And I don't think that we're... Mr. Blair, isn't the way to do this is follows. If we decide whether or not we want to apply Shepard, it sounds like my colleagues and I are seeing it the same way. If that happens, it goes back to the ALJ. The ALJ then, they've already found the 11 years for your client, right? They would apply Shepard and decide essentially what I'm going to call the new two-step, which is did he work 125 days in a one-year time frame for each of those, each time frame, right? And if he does, then if he gets to 15, there's a rebuttable presumption. Of course, your opponents then can always put on evidence to try to overcome the presumption. Now the fact that your client's dead, and I think he died of black lung, is going to be a tough road for them to to hoe, but at least we'd have a fact finder to be able to figure that out. Isn't that what the right answer is here? That's absolutely the right answer, Your Honor, and that's what we would request. I think that that's borne out by a scenario that's easily imaginable. Many of these minors live in one state and work in another state, so consider a scenario where two minors work, both minors work in Pike County, or both minors live in Pike County, Kentucky, one minor works in Kentucky, one minor works in Virginia. They have layoffs similar to what Mr. Baldwin experienced. The Kentucky minor is going to get the benefit of the 15-year presumption. The West Virginia minor will not, despite the fact that they have the same exposure, and that is simply not what the regulation contemplates. I think applying Sheppard here not only serves the favor of consistency of application, it's most importantly, it serves the plain language of the regulation, and I agree with Your Honor. The proper course here is to vacate the denial and remand the claim to the ALJ with instructions to recalculate the partial years of employment utilizing Sheppard and the plain language of the regulation. All right. We thank you both very much, and we will, I wish we could shake your hands, but we can still express our appreciation to you, and we will now proceed into our final case. Pleased to hear from you.
judges: J. Harvie Wilkinson III, Henry F. Floyd, David J. Novak